IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDERICK WROTEN, : <br> AIS 260584, | |
| : | |
| Petitioner, | |
| : | |
| vs. | CA 16-0406-CG-C |
| : | |
| WARDEN GORDY and THE STATE <br> OF ALABAMA, | |
| : | |
| Respondents. | |

## REPORT AND RECOMMENDATION

Frederick Wroten, a state prisoner presently in the custody of respondent Gordy, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 8, at 1.) In the petition, Wroten challenges convictions for first-degree rape and two counts of first-degree sexual abuse, and the resulting sentences, entered against him in (or around) August of 2008 by the Circuit Court of Baldwin County, Alabama. (*See id.*, Attachment 1, at 2 & 14.) This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## PROCEDURAL BACKGROUND

In August of 2008, Wroten was convicted, following a jury trial, of one count of first-degree rape and two counts of sexual abuse; he was sentenced to a term of life imprisonment for rape and consecutive ten year sentences for each sexual abuse conviction. (Doc. 8, Attachment 1, at 2.) The Alabama Court of Criminal Appeals

affirmed Wroten's convictions and sentences on December 11, 2009 (*see id.*), *Wroten v. State,* 64 So.3d 1151 (Ala.Crim.App. Dec. 11, 2009) (table), *reh'g denied,* 75 So.3d 1225 (Ala.Crim.App. Jan. 22, 2010) (table), and the Alabama Supreme Court denied his petition for writ of certiorari—and issued the certificate of judgment—on March 5, 2010 (Doc. 8, Attachment 1, at 2), *Ex parte Wroten,* 76 So.3d 877 (Ala. Mar. 5, 2010).

Wroten retained James Scroggins, Esquire, to pursue his direct appeal and, if necessary, to prosecute a habeas corpus petition, in accordance with 28 U.S.C. § 2254, in federal court. (*See* Doc. 8, Attachment 1, at 2.) According to petitioner, following the Alabama Supreme Court's denial of his petition for writ of certiorari, Scroggins informed him and his family that he was "going to file the § 2254 habeas corpus petition." (*Id.* at 2-3.)

> Over the ensuing years, Wroten and his family spoke with Scroggins on several occasions as to the status of this habeas petition[,] [o]nly to be informed that this took a long time and to be patient. However, eventually Wroten's family[,] who resided in Ohio, retained the services of the Law Firm of Steven R. Fansler of West Liberty Ohio to contact Atty. Scroggins in Alabama to discover exactly the status of this alleged habeas petition.
>
> After a prolonged period of time[,] Fansler was able to have Scroggins admit that he had never filed the petition for writ of habeas corpus in the District Courts of Alabama as previously agreed to and paid for. Thereinafter, Atty. Fansler spent another period of time before he could actually get Atty. Scroggins to provide his firm a copy of the trial transcript which he had already been paid for by Wroten and his family. However[,] Scroggins refused to provide to Wroten any copies of the filings he had undertaken in the Alabama Appellate Courts. Yet Wroten still had to pay Atty. Scroggins[] again for the copy of the trial transcript he obtained.
>
> [] Upon receipt of the transcript from the firm of Steven R. Fansler on January 27, 2015[] (Attachment A)[,][1] Wroten filed his first

---

[1] This attachment is a one line letter penned by Steven R. Fansler, Esquire, on January 27, 2015, and addressed to Wroten, as follows: "Here is a copy of all of the transcripts I have that Bob and Janice have asked I send to you." (Doc. 8, Attachment A.)

> Ala.R.Crim.P. [] 32 post[-]conviction petition in the Circuit Court of Baldwin County Alabama in March of 2015.

(*Id.* at 3 (footnote added).) Wroten describes the procedural course of his Rule 32 collateral attack on his convictions and sentences, the upshot being that the trial court's summary dismissal of the petition as time-barred (*see* Doc. 8, Attachment F-2) was affirmed on appeal, the Alabama Supreme Court denying Wroten's petition for writ of certiorari on January 15, 2016 (Doc. 8, Attachment J) and the certificate of judgment of final affirmance issuing that same day (Doc. 8, Attachment H).

On May 3, 2016, Wroten filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 2241(c)(3). (*See* Doc. 1, at 52-53.) The Northern District of Alabama transferred Wroten's action to this Court (*see* Docs. 4-5) and, by order dated August 5, 2016, the undersigned instructed Wroten to file his petition on either this Court's form for petitions under 28 U.S.C. § 2241 or the form for petitions under 28 U.S.C. § 2254, since the petition he filed in the Northern District of Alabama was not filed on any court's form (*see* Doc. 7). In that order, Wroten was importantly advised of the following:

> [I]f he again designates his petition as a § 2241 habeas corpus petition, and files his petition on the § 2241 form supplied to him, this Court will nonetheless apply the procedural requirements of § 2254 to his petition since it unquestionably attacks the constitutionality of his state convictions and sentences, and he is admittedly in custody pursuant to the judgment of an Alabama court. *Compare Johnson v. Warden, Georgia Diagnostic & Classification Prison*, 805 F.3d 1317, 1322 & 1323 (11th Cir.) ("Petitioner Johnson seeks to appeal the district court's order dismissing his § 2241 petition for lack of jurisdiction. . . . It is axiomatic that § 2254 applies where a prisoner is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a). Johnson is in custody pursuant to the judgment of the Georgia court and, therefore, § 2254 applies to his petition. . . . A § 2241 petition filed by a state prisoner is subject to the bar on second and successive petitions contained in § 2244(b)."), *cert. denied,* ___ U.S. ___, 136 S.Ct. 532, 193 L.Ed.2d 420 (2015), *with Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."), *cert. denied,* 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793 (2005);

3

> *Medberry v. Crosby,* 351 F.3d 1049, 1054 (11th Cir. 2003) ("[W]e . . . hold that[] although Appellant's petition is authorized by § 2241, it also is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'"), *cert. denied,* 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004); and *Robinson v. Deloach,* 2015 WL 128088, *1 (M.D. Ala. Jan. 8, 2015) ("To the extent Robinson seeks review of his claims under 28 U.S.C. § 2241, his petition is subject to 28 U.S.C. § 2254's procedural restrictions on successive and untimely petitions."). Stated somewhat differently, "[w]hen [, as here,] a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition for a writ of habeas corpus is governed by both § 2241 ***and the restrictions set forth in § 2254.***" *Morales v. Florida Dept. of Corrections,* 346 Fed.Appx. 539, 540 (11th Cir. Sept. 29, 2009) (emphasis supplied; citing *Medberry, supra,* 351 F.3d at 1062), *cert. denied sub nom. Morales v. McNeil,* 562 U.S. 866, 131 S.Ct. 156, 178 L.Ed.2d 94 (2010).

(*Id.* at 2-3.) Wroten completed the form § 2241 petition provided by this Court (*see* Doc. 8), and attached thereto an additional forty pages which more specifically identifies his petition as being filed pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2255(2) (*see* Doc. 8, Attachment 1, at 6).

## DISCUSSION

As previously indicated, because Wroten attacks the constitutionality of his state convictions and sentences, and he is admittedly in custody pursuant to the judgment of an Alabama court, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2255(2)[2] (*see* Doc. 7, at 2-3).[3]

---

[2] There is no § 2255(2); there is a § 2255(f)(2) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action[.]") and a § 2255(h)(2) (addressing successive petitions), as well as the "savings clause" in § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [that is, § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). However, given that the AEDPA contains essentially identical limitations and successive petition language pertaining to habeas corpus petitions filed by persons in State custody pursuant to a State court judgment, *see* 28 U.S.C. § 2244 (b)(2)(A) & (Continued)

4

While the undersigned's analysis leads inexorably to the conclusion that Wroten's habeas petition is time-barred, the first matter that must be tackled is petitioner's argument that this Court should ignore the untimeliness of the present habeas corpus petition because he is actually innocent of the two counts of sexual abuse in the first-degree of which he was convicted, along with first-degree rape, by a jury of his peers in August of 2008. (*See* Doc. 8, Attachment 1, at 14-15.)

    A.    **The Actual Innocence Gateway Recognized in *McQuiggin v. Perkins*.**  In *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the Supreme Court specifically held that "actual [factual] innocence,[4] if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or,

---

(d)(1)(B), this Court has no reason to suspect that petitioner, who is admittedly confined in an Alabama state prison, intended to reference § 2255(f)(2) or § 2255(h)(2) in his habeas corpus petition. Rather, it is clear to the undersigned that Wroten means to reference § 2255(e). Section 2255(e) simply provides no avenue for relief for Wroten, however, because he is incarcerated in a state prison based on a sentence imposed by a state court and "[b]y its express terms, the 'savings clause' [§ 2255(e)] applies only to prisoners authorized to seek relief under 28 U.S.C. § 2255—prisoners incarcerated pursuant to the sentence of a federal court." *Whatley v. Davenport,* 2014 WL 1153733, *6 (M.D. Ala. Mar. 20, 2014), citing 28 U.S.C. § 2255(a) and *Bryant v. Warden, FCC Coleman-Medium,* 738 F.3d 1253, 1262 (11th Cir. 2013).

    [3]    A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

    [4]    "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (citation omitted).

as in this case, expiration of the statute of limitations." 133 S.Ct. at 1928 (footnote added); *see San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied,* ___ U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011). However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *McQuiggin,* 133 S.Ct. at 1928 (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*, quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Indeed, to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup, supra,* 513 U.S. at 324, 115 S.Ct. at 865; *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").

Here, Wroten offers no new evidence; instead, he contends that the trial testimony of the victim—his ex-wife—as well as the trial testimony of an eyewitness, establish that the first-degree sexual abuse offenses "'never happened[.]'" (Doc. 8, Attachment 1, at 14.) Thus, petitioner's argument in this regard is not a *McQuiggin* gateway claim of actual innocence because he offers no new evidence (not presented at trial) establishing his actual (factual) innocence of the two counts of first-degree sexual

abuse for which he was convicted (along with one count of first-degree rape[5]) by a jury of his peers but, instead, a sufficiency of the evidence claim—relying, as it does, on the trial testimony of the victim and an unnamed eyewitness—which could (and should) have presented by Wroten on direct appeal.[6] Because it is clear to the undersigned that petitioner cannot take advantage of the actual innocence gateway recognized in *McQuiggin,* the instant petition for federal habeas corpus relief is properly analyzed in accordance with 28 U.S.C. § 2244(d)(1)(A).

      B.      <u>**The One-Year Limitations Period, 28 U.S.C. § 2244**</u>. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

---

    [5]    The undersigned also fails to appreciate how Wroten can take advantage of the *McQuiggin* gateway in this case when he makes no argument that he is actually [factually] innocent of the first-degree rape of his ex-wife. (*See* Doc. 8, Attachment 1, at 39 ("That this Honorable Court will upon conclusion of it[]s review of these claims[] [o]rder[:] that Wroten is entitled to have his convictions for Sexual Abuse I reversed, vacated, set aside and held for naught *as he is actually innocent of these offenses*[;] [t]hat his substantial fundamental United States Constitutional rights were violated by the respondents[;] [t]hat he is entitled to have his conviction for the offense of Rape I, reversed, remanded, set aside and held for naught[,] [o]r in the alternative, *that he is entitled to a new trial*[,] [d]ue to the entire pre-trial and trial process being tainted by the actions and deeds of the respondents to such a degree that his entire trial was not in recognition of his right to a fair trial." (emphasis supplied).)

    [6]    In other words, petitioner's argument in this regard does not support an actual (factual) innocence claim in accordance with *McQuiggin* because it relies on the evidence presented at petitioner's trial, not on any "new evidence."

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and, therefore, the timeliness of Wroten's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his first-degree rape and first-degree sexual assault convictions became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Wroten's convictions became final in 2010.

Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" In *Bond v. Moore*, 309 F.3d

770 (2002) and *Jackson, supra*, the Eleventh Circuit joined the majority of circuits regarding the meaning of subsection (A) and held that the statute of limitations period contained in 28 U.S.C. § 2244(d) does not begin to run "until the 90-day window during which Appellant could have petitioned the United States Supreme Court for a writ of certiorari expired." 309 F.3d at 771; *see also id.* at 774 ("Appellant was entitled to file a petition for a writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 13, 1997."); *Jackson, supra*, 292 F.3d at 1348-1349 & 1349 ("While we have not directly dealt with the issue in the context of a section 2254 petition, we indicated in dicta that, under the AEDPA, a state prisoner may have the benefit of the 90-day window before his conviction is considered final. . . . In the instant case, the Fourth District Court of Appeals of Florida [] affirmed Jackson's conviction on October 17, 1997. Giving Jackson the extra 90 days in which he could have filed for certiorari to the Supreme Court, Jackson's conviction became final at the latest on January 15, 1998."); *see Pugh v. Smith,* 465 F.3d 1295, 1299 (11th Cir. 2006) (AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States."). Under the facts of this case, this Court need add the ninety days contemplated by Supreme Court Rule 13.1 since petitioner appealed his case to Alabama's court of last resort on his direct appeal as of right. The Alabama Supreme Court denied Wroten's petition for writ of certiorari on March 5, 2010. *See Ex parte Wroten, supra*. Petitioner had ninety days, or until June 3, 2010, to petition the United States Supreme Court for a writ of certiorari. When he failed

to do so, his convictions and sentences became final, which also started the clock on his one-year limitations period to file a federal habeas corpus petition. Wroten's limitations period commenced on June 3, 2010 and expired on June 3, 2011, *see Guenther, supra*, 173 F.3d at 1331, one month shy of five (5) years before he filed the instant § 2241 application.

Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"), because he did not collaterally attack his convictions and sentences in the state courts of Alabama during the relevant limitations period (that is, before June 3, 2011). *See Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz*, we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll

10

the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2241 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period.

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id*. at 645, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted).

The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]"

11

*id*. at 653, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
>
> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id*. at 651-652, 130 S.Ct. at 2564.

In truth, nowhere in his habeas corpus petition does Wroten directly argue that he is entitled to equitable tolling of the one-year statute of limitations (*see* Doc. 8, Attachment 1, at 1-40 (no mention of "equitable tolling")); however, the undersigned construes petitioner's factual allegations surrounding his "retention" of James Scroggins, Esquire, to pursue his direct appeal and, if necessary, to file a § 2254 habeas corpus petition in federal court (*see id.* at 2-3), as constituting an equitable tolling argument. Before addressing whether Wroten has established his entitlement to equitable tolling in this case, the undersigned makes clear that the period of time

relevant to the Court's equitable tolling analysis is from June 3, 2010 until June 3, 2011, "while the statute of limitations clock was still running and there was time left to be tolled." *Peterson v. Secretary, Florida Dept. of Corrections,* 631 Fed.Appx. 664, 666 (11th Cir. Nov. 5, 2015), *cert. denied,* ___U.S.___, 136 S.Ct. 1472, 194 L.Ed.2d 567 (2016).

In this case, even accepting Wroten's statement that he retained Mr. Scroggins to represent him on direct appeal and, if necessary, file a § 2254 habeas corpus petition in federal court, the hiring of counsel is simply "not enough to establish reasonable diligence." *George v. Secretary Dept. of Corrections*, 438 Fed.Appx. 751, 753 (11th Cir. Jul. 27, 2011). The due diligence inquiry focuses upon the actions of the petitioner, *see id.*, and there is simply no indication that Wroten diligently inquired of his attorney, particularly during the period from June 3, 2010 to June 3, 2011, concerning the filing of a § 2254 petition and the need to file it by not later than June 3, 2011, *id.* ("In concluding that the petitioner had exercised reasonable diligence, the [Supreme] Court [in *Holland*] observed that the petitioner 'wrote his attorney numerous letters seeking crucial information and providing direction,' and 'repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [the attorney] removed from his case.'" (citation omitted)). His vague and unsubstantiated statement that "[o]ver the ensuing *years*, [he] and his family spoke with Scroggins on several occasions as to the status of this habeas petition[,] [o]nly to be informed that this took a long time and to be patient[,]" (Doc. 8, Attachment 1, at 3 (emphasis supplied)), offers nothing in the way of specifics to establish that he exercised reasonable diligence during the relevant time period. *Cf. id.* at 753 n.4 ("George [] stated that stated that he had shown diligence 'by communicating his concerns to [his] attorney regarding preservation or timeliness of the filing of a Habeas petition.' But we cannot conclude on the basis of this one vague and unsubstantiated statement that the district court clearly erred in finding

13

that George failed to exercise reasonable diligence . . . ."). Thus, Wroten's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period, and because, as aforesaid, petitioner is not actually (factually) innocent of first-degree rape and first-degree sexual assault, the dismissal of his habeas petition as time-barred is appropriate.

C.   **Certificate of Appealability**.   Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed

14

further."'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, *Jackson, supra*, 292 F.3d at 1349, within the context of Rule 4, *Johnson v. Chase*, 2006 WL 2949442, *1 (S.D. Ga. Oct. 16, 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time barred."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Wroten should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Frederick Wroten's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 but clearly subject to the restrictions

set forth in 28 U.S.C. § 2254, be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of September, 2016.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**