IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDERICK WROTEN, | ) | |
| AIS 260584, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 16-00406-CG-C |
| | ) | |
| | ) | |
| WARDEN GORDY and | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

This matter is before the Court on Petitioner Frederick Wroten's objections (Doc. 14; Doc. 15) to the Magistrate Judge's Report and Recommendation ("R & R") (Doc. 11), which recommends that Wroten's federal habeas corpus petition filed pursuant to 28 U.S.C. § 2241 be dismissed as time-barred under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitation provision contained within 28 U.S.C. § 2244(d). Having considered Wroten's objections, the Court **ADOPTS** the R & R with the factual **MODIFICATIONS** discussed below.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "'Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous,

conclusive, or general objections need not be considered by the district court.'" *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept that recommendation," Fed. R. Civ. P. 72, Advisory Committee Note 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" —it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009).

**1. Wroten's Objections**

In *McQuiggin v. Perkins*, the Supreme Court held that actual innocence, if proved, may serve as a gateway through which a petitioner may bring an untimely federal habeas petition that might otherwise be barred based on a petitioner's failure to comply with the one-year statute of limitation contained within 28 U.S.C. § 2244(d) of the AEDPA. --- U.S. ---, 133 S. Ct. 1924, 1928 (2013). Wroten attempts to circumvent the untimeliness of his petition by way of *McQuiggin*; additionally, the Magistrate Judge relied upon *McQuiggin* in the R & R. Applying the holding from *McQuiggin,* the Magistrate Judge concluded that Wroten could not shelter

2

under the actual-innocence-gateway exception and, for this and other reasons, recommended Wroten's petition dismissed. Wroten raises two objections to this conclusion. First, Wroten argues the Magistrate Judge misinterpreted *McQuiggin* by finding an actual-innocence claim proper only under newly discovered evidence. (Doc. 14, pp. 2, 4, 5). Instead, Wroten continues, *McQuiggin* "clearly [ ] held that newly discovered evidence is not" necessary to overcome a failure to comply with the one-year statute of limitation within 28 U.S.C. § 2244(d)(1)(A). *Id.* at 4. Therefore, the Magistrate Judge's citation to *Schlup v. Delo*, 513 U.S. 298, 327 (1995), and *San Martin v. McNeil*, 633 F.3d 1257 (11th Cir. 2011), pre-*McQuiggin* cases which require new evidence, is improper. *Id.* at 4.

The Court has reviewed *McQuiggin* and finds Wroten's objection without merit. To be sure, the *McQuiggin* Court based its decision upon three affidavits that included statements not previously presented at trial. 133 S. Ct. at 1929. In other words, the *McQuiggin* Court based its decision on *new* evidence. Furthermore, in finding the new affidavits sufficient to invoke the actual-innocence-gateway exception, the *McQuiggin* Court, interestingly enough, quoted *Schlup*. *See* 133 S. Ct. at 1935 ("'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'") (quoting *Schlup*, 513 U.S. at 324). This begs the question as to why the *McQuiggin* Court would rely on *Schlup*, in fact use the term "new evidence" from *Schlup*, but, as Wroten insists, not really mean that a petitioner must produce new evidence to

3

invoke the actual-innocence-gateway exception. Quiet simply, the Supreme Court would not. To conclude otherwise would be nonsensical, and the Court will not indulge in the legal legerdemain necessary to reach this conclusion. Moreover, since *McQuiggin* was decided, the Eleventh Circuit Court of Appeals has articulated that the actual-innocence-gateway exception requires "new reliable evidence … that was not presented at trial." *Rozzelle v. Sec'y, Fla. Dep't of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012). Thus, Wroten's objection that the Magistrate Judge misapplied, misinterpreted, or overlooked the law is **OVERRULED**.

Turning to Wroten's second objection to the Magistrate Judge's actual-innocence-gateway exception recommendation, Wroten asserts that the Magistrate Judge misstated the facts of this case, which renders the recommendation erroneous. (Doc. 14, p. 5). The accurate facts, he continues, establish that he indeed satisfied the actual-innocence-gateway exception. *Id.* Two "trustworthy eyewitnesses" unequivocally testified at trial that the sexual offenses in question did not occur, which is the evidence necessary to invoke this exception. *Id.* at 4, 9. Thus, his untimeliness in bringing the present federal habeas petition is excused.

The Court has compared the facts used by the Magistrate Judge with the facts within Wroten's Petition and **DECLINES TO ADOPT** the following portion of the facts within the R & R. The Magistrate Judge reasoned that Wroten supports his actual-innocence-gateway claim with "the trial testimony of the victim—his ex-wife—as well as the trial testimony of an eyewitness [to] establish that the first-degree sexual abuse offenses never happened." (Doc. 11, p. 7) (citation omitted). A

4

review of Wroten's Petition shows that the ex-wife was not the victim in the state court proceeding but, instead, an eyewitness to one of the underlying offenses. (Doc. 8-1, p. 15). Additionally, the victim (presumably Wroten's step-daughter) also testified in the state court proceeding. Thus, the proper factual analysis should have read as follows: Wroten "contends that the trial testimony of [an eyewitness]—his ex-wife—as well as the trial testimony of [the victim], establish that the first-degree sexual abuse offences" never occurred.

But even making the factual corrections to the relevant analysis does not invalidate the Magistrate Judge's legal conclusion under *McQuiggin*. It is undisputed that both of Wroten's self-described "trustworthy eyewitnesses"[1] testified at trial, regardless of who is and is not the victim or eyewitness. So this is not the type of credible evidence necessary to satisfy the *McQuiggin* actual-innocence-gateway exception. Instead, no matter how Wroten tries to spin it, he simply makes a sufficiency of the evidence (legal innocence) argument. A sufficiency of the evidence argument is distinctly different from an actual-innocence argument and not enough to satisfy *McQuiggin*. Thus, Wroten's objection to the *McQuiggin* actual-innocence-gateway exception analysis in the R & R is **OVERRULED**.

---

[1] The Court finds Wroten's repeated use of the legal buzzwords "trustworthy eyewitness" in making his actual-innocence argument ironic. These buzzwords are not something the *McQuiggin* Court used, but the *Schlup* Court did. *See Schlup*, 513 U.S. at 324 (reasoning that an actual-innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial).

The Magistrate Judge also concluded that Wroten could not equitably toll the one-year statute of limitation contained within 28 U.S.C. § 2244(d)(1)(A) pursuant to *Holland v. Florida*, 560 U.S. 631 (2010). The Magistrate Judge reasoned that "Wroten's own lack of due diligence is responsible for the untimeliness of the filing of the instate petition." (Doc. 11, p. 14). Wroten objects to this conclusion and submits that the exhibits and "record establishes that [he] was delayed by the intentional misrepresentations" of his attorney and "misled" by the same "for a period of years." (Doc. 14, p. 7). This, he insists, prevented him from filing within the one-year limitation period, which tolled § 2244(d)(1)(A).

The Court finds no fault in the Magistrate Judge's conclusion that Wroten is not due equitable tolling of the one-year § 2244(d)(1)(A) limitation period. If anything, the evidence Wroten points to in his objections underscores the correctness of the analysis in the R & R. For instance, Janice Watkins "attests" that she assumed responsibility for Wroten's finances in March of 2013 and that, in such capacity, she called James Scroggins[, Wroten's appellate attorney,] and was informed that "he no longer represented [Wroten] and was only hired to file the state appeal and he would need to hire another attorney to file the federal appeal because he didn't do federal appeals…. We took possession of his transcript and papers regarding his trial and took them to Atty Fansler[, an Ohio attorney,] to look over." (Doc. 14, pp. 14–15). As for Wroten's daughter, Angela Bump, she simply penned a "To Whom it may concern" letter in which she states she retained Attorney Scroggins in August of 2008 for Wroten after being told "he would go as far

6

and do as much as he could for" Wroten. *Id.* at 16. Bump goes on to state that on some unknown date she "got a call from [her] Father saying that Mr. Scroggins had contacted him and that he was done with the case." *Id.* The only "timeline" that makes sense with respect to the just-referenced call between Wroten and Bump is the general time period attested to by Watkins inasmuch as the last piece of "evidence" Wroten attaches to his objections, which is an April 11, 2013 letter penned by Scroggins and correctly addressed to Wroten, prisoner number 260584, at the Limestone Correctional Facility.[2] The substance of Scroggins's letter reads in its entirety:

> I am in receipt of your letter post-marked April 8, 2013. You should be aware that my representation ended with the affirmance of your conviction in the appellate courts of Alabama. I do not represent you in any matters pending in federal court although I wish you well in your efforts.

(Doc. 14, p.17). This timeline supports the Magistrate Judge's conclusion that "there is simply no indication that Wroten diligently inquired of his attorney, particularly during the [relevant] period from June 3, 2010 to June 3, 2011, concerning the filing of a § 2254 petition and the need to file it by not later than June 3, 2011." (Doc. 11, p. 13).

Furthermore, Wroten did not begin immediately attacking his convictions in state court or federal court even after the April 11, 2013 letter. Instead, he (or his family members listed above) hired an Ohio attorney to try and get trial transcripts.

---

[2] The contact information for Wroten listed in the attorney's letter is the same as Wroten himself lists in the Petition (Doc. 8) and in the Objection (Doc. 14). Thus, the Court is assured of Wroten's proper receipt of the letter.

7

Said attorney apparently kept the transcripts for over a year. Quiet simply, Wroten failed to exercise any alacrity whatsoever and, indeed, did not file his post-conviction petition in state court pursuant to Rule 32 of the Alabama Rules of Criminal Procedure until March of 2015, some twenty-three months after Attorney Scroggins penned the above letter. The present Petition did not follow suit until May 6, 2016, just shy of thirty-seven months after the same letter. So even if the evidence produced or actions taken could show (and they do not) due diligence, there is no indication Wroten exercised such diligence during the relevant period of time explained by the Magistrate Judge. Thus, the Court **OVERRULES** Wroten's third objection to the R & R because, as the Magistrate Judge correctly concluded, Wroten's own lack of due diligence is responsible for the untimeliness of his current federal habeas petition.

Wroten also argues that the Magistrate Judge erred by not reviewing the "fundamental constitutional rights" Wroten contends were violated in state court. (Doc. 14, p. 10). This objection is quickly dismissed. It is foundational that the actual-innocence-gateway exception or equitable-tolling issue is a threshold matter that must be evaluated before the merits of an untimely petition may be considered. *See Schlup*, 513 U.S. at 317 (reasoning that actual innocence justifies "a review of the merits of the constitutional claims"). Given this, there is no error by the Magistrate Judge in proceeding no further than finding the Petition time-barred. Any objection otherwise is hereby **OVERRULED**.

**2. Wroten's "Amended Objections"**

As a last matter, Wroten filed a motion to amend his objections to the R & R. (Doc. 15). The Court finds these "amended objections" provide no basis to set the Magistrate Judge's R & R aside for two reasons. First, Wroten, for the most part, rehashes his earlier objections and adds no substance, much less amendments, to objections already raised. Thus, the "amendments" are **DENIED** as frivolous. Second, Wroten proceeds to argue, in a seemingly preemptive fashion, that the Petition should be considered because he committed no procedural default in state court. This argument is non-responsive because the R & R did not rely upon the presence of a procedural default in recommending Wroten's petition be dismissed.

## 3. Conclusion

Based on the foregoing, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Doc. 11) with these additional comments and the factual **MODIFICATIONS** outlined above. It is **ORDERED** that Petitioner Frederick Wroten's Petition for Writ of Habeas Corpus (Doc. 8), filed pursuant to 28 U.S.C. § 2241 but clearly subject to the restrictions set forth in 28 U.S.C. § 2254, is **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

**DONE** and **ORDERED** this 19th day of April, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE